THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN FRANK LAIRSON, Defendant-Appellant.

(No. 73-280;

Third District—March 11, 1975.

Mark Burkhalter and James Geis, both of State Appellate Defender's Office, of Ottawa, for appellant.

Frank Yackley, State's Attorney, of Ottawa (Charles Marshall, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

John Frank Lairson, the defendant, was in 1967 tried by jury in the Circuit Court of La Salle County for the crime of armed robbery. Dur-

ing the trial the defendant challenged the manner in which the jury had been selected and the following colloquy ensued:

"The Defendant [*sic*]: Do you want colored people?

The Defendant: Definitely, I want some colored.

The Court: So you want colored people on the jury?

The Defendant: Definitely.

The Court: The ratio of colored people in this county is less than one percent of the total population * * *

The Court: Motion denied."

The defendant was subsequently convicted of armed robbery and on July 12, 1967, was sentenced to a penitentiary term of not less than 20 nor more than 40 years for the crime of armed robbery. This sentence was to be served consecutively with a 20-year sentence that the defendant was serving in the Federal Penitentiary at Leavenworth, Kansas.

The conviction which the defendant received in the Circuit Court of La Salle County was appealed to this court and affirmed on February 4, 1971. See *People v. Lairson*, 131 Ill.App.2d 612, 266 N.E.2d 735.

On July 12, 1972, the defendant filed a pro se post-conviction petition. The defendant filed an amendment to this petition and a supporting affidavit on December 21, 1972. The gist of the affidavit is that a review of the jury list and questionnaires along with population statistics pertaining to various races residing in La Salle County would support his contention that there was a systematic exclusion of members from minority races from the juries in the county. On March 27, 1973, a second amended petition for post-conviction relief was filed. The State filed a motion to strike this second amended petition, and, after hearing on the motion, it was allowed and the cause was dismissed. The trial court's grounds for dismissing the second amended petition for post-conviction relief was twofold. First it was the court's ruling that the issue raised in the petition, to-wit, the exclusion of members of minority races on juries, could have been raised in the defendant's direct appeal to this court and, secondly, that the allegations of the defendant were conclusionary in nature and hence did not meet the statutory requirements so as to entitle the defendant to an evidentiary hearing.

The first issue presented to us is whether or not the defendant waived his right to raise the issue concerning exclusion of members of a minority race from service on La Salle County juries by having failed to raise the question in his direct appeal to this court.

■■ It is clear that the defendant raised the systematic exclusion question during his trial but that he did not pursue the question in his appeal to this court. Under such circumstances we believe that the waiver doctrine is applicable. It is not within the purview of the Post-Conviction Hearing Act to have claims determined which could have

been presented upon a direct review of the conviction. (See *People v. Derengowski*, 44 Ill.2d 476, 256 N.E.2d 455; *People v. Doherty*, 36 Ill.2d 286, 222 N.E.2d 501.) It has consistently been held that when an appeal has been taken, as it was in this case, the judgment of the reviewing court is res judicata not only to all issues actually raised, but also as to those issues which could have been raised but were not, the latter issues being deemed to have been waived. (*People v. Kamsler*, 40 Ill.2d 532, 240 N.E.2d 590; *People v. Armes*, 37 Ill.2d 457, 227 N.E.2d 745.) Only where required by fundamental fairness will the rule of waiver be relaxed. (*People v. Hamby*, 32 Ill.2d 291, 205 N.E.2d 456.) We fail to detect any violation of the "fundamental fairness" rule in the instant case. While the question of exclusion from the jury of members of a minority race was raised pro se by the defendant during his trial, he was in fact represented by counsel, as he was during his initial appeal, and all subsequent court proceedings. The record is devoid of any evidence such as was present in the case of *Hamby* that any dispute or differences of opinion existed between the defendant and his counsel regarding the issues raised in previous appeal to this court. In fact in the brief filed by the defendant in this appeal there is a specific allegation to the effect that he was not denied effective assistance of counsel. While it may well have been expeditious to raise the "systematic exclusion" question in the first appeal, it was not raised, and hence the "waiver doctrine" now makes such an issue res judicata.

The defendant contends that the principles enunciated in the case of *Peters v. Kiff*, 407 U. S. 493, 33 L.Ed.2d 83, 92 S.Ct. 2163, are compelling reasons why his post-conviction petition should not have been dismissed. We quarrel not with the law set forth in *Peters*. However, we find no indication in *Peters* that the law contained therein is to be applied retroactively. Based upon the considerations set forth by our United States Supreme Court as to whether a case reversing prior doctrines in the area of criminal law should be given only prospective application, we hold that principles of law set forth in the case of *Peters* are not to be applied retroactively. See *Stovall v. Denno*, 388 U.S. 293, 18 L.Ed.2d 1199, 87 S.Ct. 1967; *Duncan v. Louisiana*, 391 U.S. 145, 20 L.Ed.2d 491, 88 S.Ct. 1444; *De Stefano v. Woods*, 392 U.S. 631, 20 L.Ed.2d 1308, 88 S.Ct. 2093.

For the reasons set forth the judgment of the Circuit Court of La Salle County is affirmed.

Affirmed.

ALLOY and STOUDER, JJ., concur.