THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v.
MICHAEL COBB, Defendant-Appellant.

First District (2nd Division)   No. 85—0859

Opinion filed August 19, 1986.

James J. Doherty, Public Defender, of Chicago (Janet R. Stewart and Marc L. Fogelberg, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, James E. Fitzgerald, and Steven J. Zick, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Following a jury trial, defendant Michael Cobb was convicted of murder and armed violence and sentenced to concurrent 25-year terms. On direct appeal, this court affirmed his conviction. (*People v. Cobb* (1981), 97 Ill. App. 3d 615, 422 N.E.2d 1106.) On May 14, 1984, defendant filed a *pro se* post-conviction petition. The trial court appointed counsel to represent defendant and subsequently granted the State's motion to dismiss the post-conviction petition. On appeal from this order, defendant contends that the State's systematic use of peremptory challenges to exclude blacks from the jury deprived him of his right to a fair trial and his right to be tried by an impartial jury under the United States and Illinois constitutions.

Defendant's *pro se* post-conviction petition alleged that he was denied due process of law and his right to effective assistance of counsel:

"(a) that the petitioner was denied effective assistance of counsel;

(b) that petitioner was denied a fair trial by the State knowingly using their peremptory challenges to strike black jurors from jury service and denied defendant a fair trial."

The petition was accompanied by an affidavit in which defendant attested that the statements contained therein were true and correct.

Defendant's petition was further supported by a *pro se* memorandum of law in which he contended that he was denied a fair trial and his sixth amendment right to have his jury drawn from a cross-section of the community and that his right to a "jury comport to the Sixth Amendment right to a fair and impartial trial was violated." Defendant further argued that *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824, was wrongly decided, but that, under a quoted portion of the *Swain* test "[i]f the State had not seen fit to leave a single Negro on any jury in a criminal case, the presumption protecting the prosecutor may well be overcome" (380 U.S. 202, 224, 13 L. Ed. 2d 759, 774, 85 S. Ct. 824, 838), defendant set forth a constitutional violation. Defendant further argued that he set forth a constitutional violation under the sixth amendment because he was denied his constitutional right to a jury "comport of a cross-section of the community."

At the hearing on the State's motion to dismiss defendant's postconviction petition, defendant's counsel stated that, having examined his *pro se* petition, she believed it adequately represented his claims of constitutional violations and that she had nothing whatsoever to add to or supplement the petition. The State then argued in part that the petition presented no constitutional allegations and that *res judicata* operated to bar defendant's claims. The trial court then dismissed the petition stating that having considered the petition, its accompanying memorandum and the motion and arguments, the petition did not bring up matters proper for post-conviction proceedings.

On appeal, defendant contends that the State's systematic use of peremptory challenges to exclude blacks from the jury deprived him of his constitutional right to a fair trial and his right to be tried by an impartial jury. We do not agree that the trial court's dismissal of defendant's post-conviction petition was erroneous.

■■ ■ We first consider the State's argument that defendant waived consideration of this issue by failing to raise it on direct appeal. Relief under the Post-Conviction Hearing Act is limited to consideration of trial errors which result in conviction and constitute a substantial denial of petitioner's constitutional rights; failure to raise

these constitutional deprivations on direct appeal generally operates as a waiver. (*People v. Goins* (1981), 103 Ill. App. 3d 596, 598, 431 N.E.2d 1069.) The judgment of a reviewing court on direct appeal is *res judicata* as to all matters that were or could have been raised at that time, and strict application of this doctrine is relaxed only in circumstances where fundamental fairness so requires or where the matters relied upon are outside the record and therefore could not have been considered on direct review. *People v. Goins* (1981), 103 Ill. App. 3d 596, 598, 431 N.E.2d 1069.

In *People v. Lairson* (1975), 26 Ill. App. 3d 310, 325 N.E.2d 120, the defendant was deemed to have waived his right to raise in a post-conviction petition the issue that minorities were systematically excluded from the jury where he failed to raise the issue on direct appeal. The court there noted the absence· of any evidence of a dispute between the defendant and his counsel regarding the issues raised in his direct appeal. Similarly, although defendant here has raised the issue of ineffective assistance of counsel at trial, he did not raise the issue of ineffective assistance of counsel on direct appeal.

■■ ■ Moreover, even if we were to assume that defendant did not waive this issue because of his allegation of ineffective assistance of counsel or because the matters relied upon are outside the record on appeal, we would still believe that dismissal of defendant's petition was proper because the petition consisted only of conclusional statements without any evidentiary support. Denial of an evidentiary hearing on a post-conviction petition is discretionary with the trial court, and its decision will not be reversed absent an abuse of discretion. (*People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 641, 478 N.E.2d 31.) A post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right. (*People v. Gaines* (1984), 105 Ill. 2d 79, 91, 473 N.E.2d 868.) In post-conviction proceedings, a defendant has the burden of showing a substantial denial of constitutional rights supported by the record, affidavits or other evidence. (*People v. Gaines* (1984), 105 Ill. 2d 79, 91-92, 473 N.E.2d 868; *People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 641, 478 N.E.2d 31.) Although all well-pleaded facts in the petition and any accompanying affidavits are to be treated as admitted, the accused nevertheless bears the burden of making a substantial showing of a constitutional violation, and to require an evidentiary hearing the petition must be based on clear factual allegations and not on mere conclusional statements. *People v. Cihlar* (1984), 125 Ill. App. 3d 204, 208, 465 N.E.2d 625.

■ In this case, defendant's *pro se* petition contained only the bare, conclusional allegation that he was denied a fair trial "by the

State knowingly using their peremptory challenges to strike black jurors from jury service." Neither the *pro se* petition nor the accompanying memorandum of law contained any allegations or evidence of the alleged improper use of the State's peremptory challenges during *voir dire*. Moreover, petitioner's counsel chose not to supplement or amend the petition in any way. Defendant's petition thus failed to demonstrate or adequately allege that he was denied his right to trial by an impartial jury because of the State's improper use of its peremptory challenges to exclude blacks.

■ The Illinois Supreme Court has repeatedly stated that only the systematic and purposeful exclusion of blacks from juries raises constitutional issues and that there must be a showing that there has been a systematic exclusion on a case-after-case basis. (*People v. Lyles* (1985), 106 Ill. 2d 373, 392-93, 478 N.E.2d 291; *People v. Mack* (1984), 105 Ill. 2d 103, 121-22, 473 N.E.2d 880; *People v. Payne* (1983), 99 Ill. 2d 135, 138, 457 N.E.2d 1202.) Defendant in this case has failed to show that there was purposeful exclusion even in his own case.

■ Further, we note that the requirement of establishing a case-after-case exclusion of blacks as required under *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824, and the Illinois Supreme Court decisions following *Swain* is no longer necessary under the United States Supreme Court's recent opinion in *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712. However, in *Allen v. Hardy* (1986), 478 U.S. ___, 92 L. Ed. 2d 199, 106 S. Ct. 2878, the United States Supreme Court recently held that its decision in *Batson v. Kentucky* should not be applied retroactively on collateral review of convictions that became final before the decision in *Batson v. Kentucky* was announced. Hence, the more relaxed standard by which defendants may establish a *prima facie* case of purposeful discrimination in jury selection under *Batson v. Kentucky* would not apply to the instant case. We further note that even if the more relaxed standard were to apply to this case, defendant's conclusional allegations would fail to show that there was purposeful exclusion in his own case.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

STAMOS and SCARIANO, JJ., concur.