THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD "JUNIOR" MITCHELL, Defendant-Appellant.

Fourth District   No. 4—86—0903

Opinion filed December 3, 1987.

Daniel M. Kirwan and Lori J. Lanciani, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Linda Cullom, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On August 16, 1982, the defendant, Richard Mitchell, was convicted by a jury of murder and home invasion. On October 29, 1982, the defendant was sentenced to 30 years for murder and 15 years for home invasion. This court affirmed the defendant's conviction on appeal in an unpublished order filed December 19, 1983 (*People v. Mitchell* (1983), 119 Ill. App. 3d 1174, 471 N.E.2d 256 (unpublished Rule 23 order)). On February 6, 1985, the defendant filed a *pro se* petition for post-conviction relief. Counsel was subsequently appointed, and on August 22, 1986, an amendment to the petition was filed. On October 6, 1986, the court granted the State's motion to dismiss the post-conviction petition, finding insufficient allegations of constitutional violations.

On appeal, the defendant maintains he received ineffective assistance of counsel at trial where counsel failed to object to the State's systematic use of peremptory challenges to exclude blacks from the jury.

We affirm.

Since defendant's appeal is focused solely upon the jury's selection, only those facts relevant to this disposition shall be reiterated.

The defendant's post-conviction petition alleged ineffective assist-

ance of counsel where trial counsel failed to object to the State's prejudicial use of peremptory challenges. The defendant maintained he specifically asked his attorney to object to the systematic exclusion of blacks, but no objection was made. Consequently, the defendant argued he was not convicted by a jury of his peers.

At the hearing on the motion to dismiss, the State argued: first, the defendant waived this issue by failure to present it on direct appeal, and second, in light of the applicable law in effect at the time of defendant's trial (*Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824), there was no error. The defendant, however, maintained that pursuant to a line of cases from the First District Appellate Court, the trial court had the duty to require the State to demonstrate race-neutral reasons for the exercise of peremptory challenges to excuse blacks from the jury. (*People v. Payne* (1982), 106 Ill. App. 3d 1034, 436 N.E.2d 1046; *People v. Gilliard* (1983), 112 Ill. App. 3d 799, 455 N.E.2d 1293.) The defendant did admit there was no record in support of these allegations.

The defendant advances the same argument on appeal and further claims that the United States Supreme Court's holding in *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, should be applied retroactively to his case.

■ The Post-Conviction Hearing Act provides relief for errors which occur during trial and which constitute a substantial denial of the petitioner's constitutional rights. (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*) Where, however, a petitioner fails to raise these constitutional deprivations on direct appeal, they are deemed waived for purposes of a post-conviction petition. (*People v. Jones* (1985), 109 Ill. 2d 19, 485 N.E.2d 363; *People v. Cobb* (1986), 150 Ill. App. 3d 267, 501 N.E.2d 699.) The judgment of a reviewing court on direct appeal is *res judicata* as to all matters that were raised or could have been raised at the time. (*People v. Jones* (1985), 109 Ill. 2d 19, 485 N.E.2d 363; *People v. Cobb* (1986), 150 Ill. App. 3d 267, 501 N.E.2d 699.) The doctrine of waiver is to be strictly applied and relaxed only when fundamental fairness so requires or where the matters relied upon are outside the record such that they could not have been considered on direct review. *People v. Jones* (1985), 109 Ill. 2d 19, 485 N.E.2d 363; *People v. Cobb* (1986), 150 Ill. App. 3d 267, 501 N.E.2d 699.

■ Defendant herein maintains he is entitled to circumvent waiver as the trial court record did not contain a transcript of *voir dire* and further that his claim of ineffectiveness was based upon trial counsel's failure to act, which could not possibly be reflected in the record. We find, however, the defendant could have raised his claim

on direct appeal based upon the trial court record presented. The defendant claims in his post-conviction petition that he personally asked trial counsel to object to the jury selection process. Clearly, the defendant was apprised of the potential error and yet failed to raise it upon direct review. As such, the defendant's allegations of ineffective assistance have been waived.

■ Regardless of waiver, the defendant's claim of ineffective assistance of counsel fails on the merits. Despite the defendant's contentions that the law regarding prejudicial utilization of peremptory challenges was in flux at the time of his trial, the law was clear. While there were several pre-*Batson* First District Appellate Court cases which adopted the *Batson* analysis (see *People v. Payne* (1982), 106 Ill. App. 3d 1034, 436 N.E.2d 1046, *rev'd* (1983), 99 Ill. 2d 135, 457 N.E.2d 1202, *on remand on other grounds* (1984), 125 Ill. App. 3d 1163, 481 N.E.2d 361 (unpublished Rule 23 order), *cert. denied* (1984), 469 U.S. 1028, 83 L. Ed. 2d 372, 105 S. Ct. 447; *People v. Gilliard* (1983), 112 Ill. App. 3d 799, 445 N.E.2d 1293), this was not the majority view. In fact, there was dissension from this view within the various divisions of the First District. (See *People v. Newsome* (1982), 110 Ill. App. 3d 1043, 443 N.E.2d 634, *cert. denied* (1983), 464 U.S. 934, 78 L. Ed. 2d 308, 104 S. Ct. 340; *People v. Teague* (1982), 108 Ill. App. 3d 891, 439 N.E.2d 1066, *cert. denied* (1983), 464 U.S. 867, 78 L. Ed. 2d 179, 104 S. Ct. 206 (constitutional violation arises upon a showing of systematic exclusion on case-after-case basis).) There were no cases in this district at the time of defendant's trial contrary to the standard enunciated in *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824.

Both prior to and after defendant's trial, the Illinois Supreme Court continued to hold per *Swain* that the systematic and purposeful exclusion of blacks from juries only rises to the level of constitutional violation upon a showing of a systematic exclusion on a case-after-case basis. (*People v. Lyles* (1985), 106 Ill. 2d 373, 478 N.E.2d 291; *People v. Mack* (1984), 105 Ill. 2d 103, 473 N.E.2d 880; *People v. Payne* (1983), 99 Ill. 2d 135, 457 N.E.2d 1202; *People v. King* (1973), 54 Ill. 2d 291, 296 N.E.2d 731.) The defendant makes no allegations of such a systematic exclusion.

■ Although the requirement of establishing a case-after-case exclusion of blacks per *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824, is no longer necessary under the United States Supreme Court ruling of *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, this does not affect defendant's claim. (See *People v. Cobb* (1986), 150 Ill. App. 3d 267, 501 N.E.2d

699.) In *Allen v. Hardy* (1986), 478 U.S. 255, 92 L. Ed. 2d 199, 106 S. Ct. 2878, the United States Supreme Court held its decision in *Batson* should not be applied retroactively on collateral review of a conviction that became final before the decision in *Batson* was announced. The Illinois reviewing court adopted this position with respect to post-conviction proceedings. In *People v. Dixon* (1987), 160 Ill. App. 3d 65, 69, 513 N.E.2d 134, 137, the court stated:

> "In addition, the Supreme Court reemphasized *Allen* in *Griffith v. Kentucky* (1987), 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708. The court held that the rule in *Batson* is retroactively applicable to those cases pending on direct review or not yet final. Thus, this court finds that *Batson* offers little support to petitioner's argument and as such the old standard established in *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824, is applicable."

The rationale underlying limitation of retroactive application is focused upon problems of court administration. To allow each and every defendant to have his *voir dire* reexamined and reconstructed on collateral review would constitute a massive waste of judicial resources. See *People v. Taylor* (1986), 146 Ill. App. 3d 45, 496 N.E.2d 263.

As a result, defendant's allegations of ineffective assistance of counsel based upon prejudicial use of peremptory challenges by the State must be examined in light of the standards of *Swain*. As defendant fails to make any showing of a systematic exclusion of blacks in a case-after-case basis, his argument fails. The decision of the circuit court is affirmed.

Affirmed.

LUND and KNECHT, JJ., concur.