THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. ANDRE TAYLOR *et al.*, Petitioners-Appellants.

First District (1st Division)   No. 85—1676

Opinion filed January 25, 1988.

Paul B. Biebel, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, of counsel), for appellant Andre Taylor.

Patricia Unsinn, of State Appellate Defender's Office, of Chicago, for appellant Dorothy Taylor.

Richard M. Daley, State's Attorney, of Chicago (Kathleen A. Bom and Diane N. Walsh, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

The petitioners, Dorothy Taylor (Dorothy) and her nephew, Andre Taylor (Andre), filed separate petitions in the circuit court of Cook County under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*) and requested an evidentiary hearing on the following contentions: (1) trial counsel acted under a conflict of interest in jointly representing petitioners at trial; and (2) trial counsel's representation was ineffective. The court held a hearing, after which it denied both petitions.

On appeal, Dorothy contends that: (1) she was denied effective assistance of counsel at trial due to her attorney's conflict of interest which resulted from his representing both Andre and her at trial; (2) she was denied effective assistance of counsel at trial due to her attorney's failure to introduce certain evidence; (3) she was denied a fair evidentiary hearing on her post-conviction petition; (4) she did not knowingly and voluntarily waive her right to a jury trial; and (5) she was denied effective assistance of counsel at the post-conviction hearing.

Andre contends that: (1) he was denied effective assistance of counsel at trial due to his attorney's conflict of interest which resulted from his representing both Dorothy and him at trial; (2) he was denied effective assistance of counsel when his attorney (a) waived his right to be tried as a juvenile, and (b) failed to introduce certain evidence; and (3) he was denied a fair evidentiary hearing on his post-conviction petition. We reverse both Dorothy and Andre's convictions and remand this cause to the trial court for further proceedings.

On January 12, 1981, Derrick Montgomery (Montgomery), Cedrick Maltbia (Maltbia), Enicha Washington (Enicha) and Michael Simmons (Simmons) were at Patti Washington's apartment at 826 North Sedgwick in Chicago. At approximately 5:55 p.m., Dorothy and her sister Virgie Taylor (Virgie) entered the apartment. Virgie and Montgomery went into a bedroom to discuss Montgomery's returning her jewelry, which allegedly he had stolen from her the previous day. Montgomery refused to return the jewelry, and as they were leaving the bedroom, he struck Virgie. Dorothy gave Virgie a gun and told her to shoot Montgomery. Virgie complied and shot twice at Montgomery. Dorothy then opened the front door and admitted Virgie's 16-year-old son, Andre, who was armed with a sawed-off shotgun. A few minutes later, as Dorothy and Virgie were leaving the apartment, Dorothy ordered Andre to "kill everybody in the apartment, don't leave nobody." At trial Dorothy testified that Andre said those words; however, the trial court found that Dorothy said them. Dorothy also

testified that when Andre entered the apartment, "he just went off."

Upon entering the apartment, Andre shot Maltbia twice, although Maltbia was unarmed. Andre next turned toward Simmons, who grabbed Enicha for protection, and pumped the shotgun in their direction. Dorothy then told Andre to spare Simmons and Enicha, so Andre turned to Montgomery and shot him once, although Montgomery was unarmed, was already shot once and was lying on the floor, wounded.

Dorothy and Andre were charged by indictment with murder (Ill. Rev. Stat. 1979, ch. 38, pars. 9—1(a)(1), (a)(2)) and armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2). At trial, they were jointly represented by retained counsel, David R. Jordan (Jordan). Following a bench trial, both Dorothy and Andre were found guilty of all charges and sentenced to natural life imprisonment without the possibility of parole pursuant to section 5—8—1(a)(1)(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1(a)(1)(c)).

An assistant public defender jointly represented Dorothy and Andre on direct appeal to this court, contending that: (1) section 5—8—1(a)(1)(c) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1(a)(1)(c)), imposing mandatory natural life imprisonment, was unconstitutional, and (2) they were convicted improperly of both murder and armed violence. This court affirmed the convictions, but vacated the sentences, interpreting the word "shall" in section 5—8—1(a)(1)(c) of the Unified Code of Corrections as permissive rather than mandatory, thus giving the sentencing judge discretion in imposing sentences. (*People v. Taylor* (1983), 115 Ill. App. 3d 621, 630, 450 N.E.2d 1256.) The Illinois Supreme Court reversed that finding and reinstated the natural life sentences. *People v. Taylor* (1984), 102 Ill. 2d 201, 464 N.E.2d 1059.

Thereafter, two assistant public defenders, each separately representing each petitioner, filed a joint petition for post-conviction relief on behalf of Dorothy and Andre. Subsequently, Dorothy was represented by a private attorney appointed by the court. At an evidentiary hearing, trial counsel Jordan testified that he was surprised by Dorothy's testimony accusing Andre of giving the command to kill. The prosecution witnesses had testified that Dorothy gave the command to kill everyone, not Andre. In addition, as far as Jordan knew, it was the first time Dorothy had ever accused Andre of stating those words. Jordan further testified that at that point he thought the case was lost for both Dorothy and Andre and that he might have leaned over to Andre and indicated that Dorothy's testimony was extremely damaging to Andre. After the hearing, the court denied the petitions. Petitioners each appeal from that ruling. Dorothy is represented by

an assistant appellate defender and Andre is represented by the assistant public defender who represented him at the post-conviction hearing.

Initially, we note that "[t]he purpose of the post-conviction proceeding is to inquire into the constitutional issues stemming from the original conviction which have not already been adjudicated—including those issues which have been directly appealed or could have been directly appealed." (*People v. Perez* (1983), 115 Ill. App. 3d 446, 450, 450 N.E.2d 870, *appeal denied* (1983), 96 Ill. 2d 547.) When a defendant directly appeals his conviction on a complete record, the judgment of the reviewing court is *res judicata* as to all issues which were or could have been raised. (*People v. Adams* (1972), 52 Ill. 2d 224, 225, 287 N.E.2d 695.) This waiver doctrine does not apply to issues raised in a post-conviction petition which stem from matters outside the record and thus could not have been brought on direct appeal or where fundamental fairness requires relaxation of strict application of the doctrine. (*People v. Cobb* (1986), 150 Ill. App. 3d 267, 270, 501 N.E.2d 699, *appeal denied* (1987), 113 Ill. 2d 578, 505 N.E.2d 356; *People v. Goins* (1981), 103 Ill. App. 3d 596, 598, 431 N.E.2d 1069, *appeal denied* (1982), 91 Ill. 2d 562.) In addition, when there has been a post-trial review of a case and the issue of ineffective assistance of counsel due to an attorney conflict of interest has not been raised, the issue may be waived if there was independent counsel on review. *People v. Ross* (1985), 138 Ill. App. 3d 1089, 1093, 487 N.E.2d 68.

In the instant case, petitioners did not raise the issue of ineffective assistance of counsel on direct review to this court although they were represented by counsel different from trial counsel. However, they did not have independent, separate counsel until the post-conviction proceedings. Only then could arguments have been made which were damaging to each other. Furthermore, it was not until the post-conviction hearing that Jordan testified that when Dorothy testified that Andre gave the command to kill, Jordan thought the case was lost for both Dorothy and Andre and that Jordan might have leaned over to Andre and indicated that Dorothy's testimony was extremely damaging to Andre. Moreover, this is a case where fundamental fairness requires us to relax strict application of the waiver rule.

The State also argues that petitioners waived their right to conflict-free counsel because prior to trial the court clearly admonished them of the possibility of a conflict and of their right to separate counsel, but petitioners agreed to be represented by the same attorney. We disagree. In order to waive the right to conflict-free counsel, a defendant must know of the potential conflict and of its sig-

nificance. (*People v. Sanchez* (1987), 161 Ill. App. 3d 586, 592, citing *People v. Olinger* (1986), 112 Ill. 2d 324, 339, 493 N.E.2d 579, *cert. denied* (1987), 479 U.S. 1101, 94 L. Ed. 2d 180, 107 S. Ct. 1329.) There must be a strong showing of an intentional and knowing waiver. *People v. Dace* (1987), 153 Ill. App. 3d 891, 895, 506 N.E.2d 332.

In the present case, we find that there has not been a sufficient showing that petitioners made a knowledgeable waiver of their right to conflict-free counsel. Prior to trial, upon questioning by the court of the possibility of a conflict, Jordan assured the court that Dorothy and Andre would be the key witnesses for one another and that their testimony would support each other. At that point, there appeared to be no conflict. Therefore, petitioners should not now be held to have waived their right to conflict-free counsel. Moreover, the right to conflict-free counsel is so fundamental that a conflict of interest affecting legal representation amounts to plain error when the record plainly indicates the existence of an actual conflict of interest precluding counsel's undivided loyalty. (*People v. Ross* (1985), 138 Ill. App. 3d 1089, 1093-94, 487 N.E.2d 68.) Consequently, we decline to apply the waiver rule to this case.

■ Both Dorothy and Andre contend that because their interests at trial were hostile, their attorney was acting under a conflict of interest in representing both of them; thus, they were denied their right to effective assistance of counsel. We agree.

The right to effective assistance of counsel as guaranteed by the sixth and fourteenth amendments (U.S. Const., amends. VI, XIV) and the Illinois Constitution (Ill. Const. 1970, art. I, §8) includes the right to have the undivided loyalty of counsel, free from any conflict of interest. (*Glasser v. United States* (1942), 315 U.S. 60, 75-76, 86 L. Ed. 680, 702, 62 S. Ct. 457, 467; *People v. Sanchez* (1987), 161 Ill. App. 3d 586, 591; *People v. Ross* (1985), 138 Ill. App. 3d 1089, 1095-96, 487 N.E.2d 68.) Therefore, in Illinois we have the *per se* conflict of interest rule, which provides that an accused need not demonstrate prejudice in order to obtain a reversal where it is shown that defense counsel acted under an actual or potential conflict of interest without the accused's knowledgeable consent. *Cuyler v. Sullivan* (1980), 446 U.S. 335, 349-50, 64 L. Ed. 2d 333, 347, 100 S. Ct. 1708, 1718-19; *People v. Sanchez* (1987), 161 Ill. App. 3d 586, 592.

Where defense counsel has professional commitments to others having interests clearly antagonistic to the accused's interests, a *per se* conflict of interests arises. (*People v. Sanchez* (1987), 161 Ill. App. 3d 586, 593; see also *People v. Ross* (1985), 138 Ill. App. 3d 1089,

1096, 487 N.E.2d 68.) In addition, a conflict of interest is *per se* where, by its nature, the conflict subjects counsel to subtle pressures adversely affecting his representation of the accused. *People v. Sanchez* (1987), 161 Ill. App. 3d 586, 593.

The *per se* conflict of interest rule does not apply, however, in cases involving joint representation of codefendants. (*People v. Sanchez* (1987), 161 Ill. App. 3d 586, 594; *People v. Ross* (1985), 138 Ill. App. 3d 1089, 1096, 487 N.E.2d 68.) Where no *per se* conflict exists, a defendant must show the existence of an actual conflict and actual prejudice. (*People v. Sanchez* (1987), 161 Ill. App. 3d 586, 592, 594; *People v. Ross* (1985), 138 Ill. App. 3d 1089, 1096, 487 N.E.2d 68.) When multiple defendants are jointly represented, it is not presumed that their interests are necessarily hostile, but where hostility of interests is shown to exist, joint representation is a denial of effective assistance of counsel and prejudice is presumed. *People v. Echols* (1978), 74 Ill. 2d 319, 326-27, 385 N.E.2d 644; *People v. Ross* (1985), 138 Ill. App. 3d 1089, 1096, 487 N.E.2d 68.

Hostility of interests is shown to exist when at trial a defendant's testimony is antagonistic to the interests of his codefendant. (See *People v. Ross* (1985), 138 Ill. App. 3d 1089, 1096, 487 N.E.2d 68; *People v. Wilder* (1977), 48 Ill. App. 3d 13, 15, 362 N.E.2d 436.) When a codefendant becomes, in effect, a witness against the defendant, the defendant is constitutionally entitled to confront the witness. However, where one attorney represents both the defendant and codefendant, the codefendant/witness cannot adequately be impeached because the codefendant is defense counsel's client. (*People v. Ross* (1985), 138 Ill. App. 3d 1089, 1097-98, 487 N.E.2d 68; *People v. Cade* (1981), 97 Ill. App. 3d 354, 357, 422 N.E.2d 1002, *appeal denied* (1981), 85 Ill. 2d 568.) Defense counsel is then forced to perform a "balancing act," where he cannot fully and vigorously represent one client without hurting the other. (*People v. Meng* (1977), 54 Ill. App. 3d 357, 364, 369 N.E.2d 549, *appeal denied* (1978), 67 Ill. 2d 594.) Thus, the problem which arises in an attorney's joint representation of codefendants with conflicting interests is in what the attorney must refrain from doing. *In re V.W.* (1983), 112 Ill. App. 3d 587, 591, 445 N.E.2d 445, citing *Holloway v. Arkansas* (1978), 435 U.S. 475, 490, 55 L. Ed. 2d 426, 438, 98 S. Ct. 1173, 1182.

In the case at bar, the *per se* conflict of interest rule does not apply because the conflict alleged arises from defense counsel Jordan's joint representation of Dorothy and Andre. We find, however, that petitioners have shown that an actual conflict existed at trial and that prejudice is presumed because the hostility of interests of Dorothy

and Andre is clear. Once Dorothy testified that Andre said "kill everybody in the apartment, don't leave nobody," and that Andre "went off," her testimony clearly was antagonistic to Andre's interests. In effect, Dorothy became a witness against Andre. At that point, Jordan had two choices: (1) cross-examine Dorothy to discredit her testimony, and thereby damage her defense; or (2) refrain from responding to her testimony, and thereby damage Andre's defense. Jordan ultimately chose the latter alternative, but as he testified at the post-conviction hearing, at that point he thought the case was lost for both Dorothy and Andre. Consequently, Jordan could not fully and vigorously represent one of his clients without hurting the other. His divided loyalties and commitments placed him in a "classic dilemma which no defense attorney should [have to] face." *In re V.W.* (1983), 112 Ill. App. 3d 587, 591, 445 N.E.2d 445.

Thus, we find that neither Dorothy nor Andre was provided with effective assistance of counsel because their attorney was in a duplicitous position where his full talents were restrained by his divided commitments. When the interests of his clients diverged, a material hostility developed between them, preventing defense counsel from representing his two clients with undivided loyalty. Therefore, both Dorothy and Andre are entitled to new trials.

We need not consider petitioners' remaining contentions as they are unlikely to arise upon retrial.

Accordingly, we reverse both Dorothy and Andre's convictions and, in order to avoid the conflict of interest and resulting prejudice discussed in this opinion, we remand for either a new trial with each defendant being represented separately upon a joint trial or, in the alternative, for separate trials. See *People v. Ross* (1985), 138 Ill. App. 3d 1089, 1099, 487 N.E.2d 68.

Reversed and remanded with directions.

CAMPBELL, P.J., and BUCKLEY, J., concur.