**UNITED STATES of America ex rel. Christopher NOVAK, Petitioner,**

v.

**Richard GRANKEY, Warden,[1] Respondent,**

**and Roland Burris, Attorney General of the State of Illinois.**

No. 94 C 6392.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 11, 1995.

---

1. In fact the respondent custodian is Warden Richard Gramley, but this opinion is obligated to adhere to the spelling contained in the caption of the case as presented by petitioner.

**1054**

Judi P. Kahn, Edna Selan Epstein, Chicago, IL, for petitioner.

Steven R. Splitt, Chicago, IL, for respondent.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Christopher Novak ("Novak"), acting through counsel, has filed a 28 U.S.C. § 2254 ("Section 2254") Petition for Writ of Habeas Corpus (the "Petition"), seeking to overturn the murder conviction on which he is now serving a 32–year prison term. Because the Petition survived the initial scrutiny called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), this Court ordered a response from the Illinois Attorney General's office. At this point the issues have been fully briefed and the case is ripe for resolution.

There is no question that Novak has satisfied the Section 2254(b) precondition that he must have exhausted all available state court remedies: Not only did he take a direct appeal (in which he was partially successful) from his conviction, followed by an unsuccessful petition for leave to appeal to the Illinois Supreme Court, but he also attempted to obtain post-conviction relief from the Circuit Court of Cook County under 725 ILCS 5/122–1 to 5/122–8 (via an original petition, a supplemental petition and a second supplemental petition), which was followed by an unsuccessful appeal to the Illinois Appellate Court and an unsuccessful petition for leave to appeal to the Illinois Supreme Court. And the Attorney General has commendably acknowledged that the Petition cannot be attacked on nonexhaustion grounds. Instead the Attorney General points in principal part to procedural default as the basis for rejection of the Petition.

All of Novak's current claims are grounded in what he asserts to have been constitutionally insufficient representation by his trial counsel, compounded by the claimed unconstitutional deficiency of his counsel on the direct appeal. Novak's claims as to the inadequacy of his trial counsel were presented by a different lawyer who represented him in the state court post-conviction proceedings, but no contention as to the insufficient representation by Novak's counsel on the direct appeal has been submitted to the state courts in the post-conviction petition or otherwise.

It may arguendo be assumed (without deciding) that Novak's underlying complaints about the performance of his trial counsel

would be sustainable on the merits,[2] for Novak's difficulty before this Court stems (1) from the basis on which the state courts rejected his claims as to his trial counsel and (2) from the fact that he has never tendered the appellate-counsel issue to any state court. Here is what Novak said about the grounds for denial of his post-conviction petition when he sought leave to appeal the rejection of that petition to the Illinois Supreme Court (D.Ex. J at 6, 11):

> On May 6th, 1992, Judge Neville [the Cook County Circuit Court judge who ruled on the state court post-conviction petition] denied petitioner's post-conviction petition, asserting that the claims of constitutional violations raised in the petition were res judicata.
>
>   *  *  *  *  *  *
>
> The trial Court, in applying the res judicata and waiver doctrines to petitioner's post-conviction petition claims, overstepped the well established principle of law that it would be fundamentally unfair to do so, when it was clear that a gross constitutional violation has occurred. *People v. Mitchell,* 163 Ill.App.3d 1007 [115 Ill.Dec. 55], 517 N.E.2d 20 (1987).[3]

And the Illinois Appellate Court's January 27, 1993 order simply affirmed the Circuit Court's judgment of dismissal without further elaboration.

■ Under those circumstances Novak initially faces the difficulty that those grounds for rejection were based on independent and adequate state procedural rules. That being true, this Court is bound by the teaching of *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991):

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual

prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

■ Novak's attempted response is that the res judicata and waiver holdings stemmed from constitutionally inadequate representation not only by his trial counsel but also by the lawyer who handled his appeal. And of course "[i]neffective assistance of appellate counsel may itself establish a cause for failure to present his claims of ineffective assistance of trial counsel" (*Barnhill v. Flannigan,* 42 F.3d 1074 (7th Cir. 1994), citing *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).

■ But for Novak to avoid procedural default, *that* argument must first have been brought to the state courts and not initially to this federal habeas court (*Morrison v. Duckworth,* 898 F.2d 1298, 1300 (7th Cir. 1990)), and Novak has never done so. It will be remembered that (*id.* at 1300–01, adapted to this case):

> Before a habeas petitioner can use ineffective assistance of counsel as grounds to establish cause, however, he must first have a right to counsel. [Novak] had no constitutional right to counsel when mounting his collateral attack on his conviction. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). Thus he cannot rely on ineffective assistance of counsel during his state [post-conviction] proceedings as grounds to establish cause.

Under these circumstances Novak has not made the necessary *second* cause-and-prejudice showing for his having failed to urge the alleged constitutional inadequacy of his appellate counsel before a state tribunal (*id.* at 1300), except to argue (without citation) that such a requirement "would indeed be bizarre" (Novak R.Br. 2). But such name-calling cannot take the place of reasoned argument.

---

2. More on this subject later.

3. [Footnote by this Court] Neither side has provided this Court with an actual copy of Judge Neville's May 6, 1992 order of dismissal. But Novak's current counsel does not quarrel with

Novak's own characterization quoted in the text, a characterization with which the Attorney General has agreed. Accordingly this Court also accepts it.

**1056**

One added contention made by the Attorney General is that Novak has also failed to show cause for his noncompliance with the requirement of Illinois law (725 ILCS 5/122–2) that post-conviction petitions must contain facts to support their claims of error (see also *People v. Jackson,* 213 Ill. App.3d 806, 810–11, 157 Ill.Dec. 406, 409–10, 572 N.E.2d 475, 478–79 (2d Dist.1991)). Again that represents a procedural default on which Novak has not even attempted to make the requisite showing of cause.

As stated earlier, those deficiencies in Novak's Petition as presented to this Court have made it unnecessary to address the substantive merits of his constitutional claims. This Court of course recognizes the existence of the safety valve that has been reconfirmed by *Coleman's* statement of the potential exception to the cause-and-prejudice analysis where the failure to consider the federal claim will result in a "fundamental miscarriage of justice." But this Court has reviewed the authorities in that respect (see, e.g., the cases dealt with in Ira Robbins, *Habeas Corpus Checklists* § 13.08[1], at 13–52 to 13–59 (1995 ed.); *Williams v. Lane,* 826 F.2d 654, 664 (7th Cir.1987) and cases cited there), and on the trial record plus the proposed additional evidence proffered by Novak here it would be incorrect to say that what has taken place either amounts to "the 'fundamentally unjust incarceration' of one who is actually innocent" (*id.*) or would otherwise qualify for the "fundamental miscarriage of justice" exception.

In accordance with Section 2254 Rule 8(a), this Court therefore determines that no evidentiary hearing is required. It dismisses the Petition for its failure to have made the showing demanded by *Coleman.*