THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JIMMIE LEE, Defendant-Appellant.

First District (3rd Division)   No. 1—92—3817

Opinion filed March 31, 1995.—Rehearing denied May 22, 1995.

Anita Rivkin-Carothers, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Janet Powers Doyle, and Katherine S.W. Schweit, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

After a bench trial, defendant, Jimmie Lee, was convicted of possession of a controlled substance with intent to deliver in violation of section 401(a)(1) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1985, ch. 56$\frac{1}{2}$, par. 1401(a)(1)) and sentenced to 30 years' imprisonment for that crime. On direct review, this court, in an unpublished opinion, affirmed defendant's conviction. Subsequently, defendant filed a post-conviction petition for relief contending that he received ineffective assistance of counsel at both the trial and appellate levels which the circuit court denied. It is from the order denying his post-conviction petition that defendant now appeals to this court pursuant to Supreme Court Rule 603 (134 Ill. 2d R. 603).

For the reasons which follow, we reverse and remand.

■ We preliminarily note that defendant's brief does not contain in its appendix a copy of the judgment appealed from. Supreme Court

Rule 612 applies Supreme Court Rule 342 (134 Ill. 2d R. 342) to criminal appeals. (See 134 Ill. 2d R. 612(i).) Supreme Court Rule 342(a) provides, in pertinent part:

"(a) Appendix to the Brief. The appellant's brief shall include, as an appendix, *a copy of the judgment appealed from,* any opinion, memorandum, or findings of fact filed or entered by the trial judge, *** the notice of appeal, and a complete table of contents, with page references, of the record on appeal." (Emphasis added.) 134 Ill. 2d R. 342(a).

Accordingly, defendant's brief is in violation of Rule 342(a). (134 Ill. 2d R. 342(a).) "Compliance with Supreme Court Rule 342(a) is not an inconsequential matter. The rule's purpose is to require parties to proceedings before a court of review to present their arguments in a clear and orderly fashion so that the court may properly ascertain and dispose of the issues involved. This court has inherent authority to dismiss an appeal for noncompliance where an appellant's brief fails to comply with its rules." (*People v. Wrobel* (1994), 266 Ill. App. 3d 761, 765.) However, we do not believe that so harsh a sanction as dismissal is warranted in this instance as the brief is in all other respects adequate.

That said, we now turn to defendant's argument that he was denied effective assistance of counsel by the joint representation of himself and a codefendant.

■ The sixth amendment's guarantee of the right to effective counsel, made applicable to the States through the due process clause of the fourteenth amendment (*Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792), ensures that "[i]n all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defence." (U.S. Const., amend. VI.) Section 8 of article I of our 1970 Illinois Constitution also guarantees the accused this right. (Ill. Const. 1970, art. I, § 8.) This right entitles the accused to the undivided loyalty of counsel, free from any conflict of interest. (*Glasser v. United States* (1942), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457; *People v. Taylor* (1988), 165 Ill. App. 3d 1016.) Allowing defense counsel to represent conflicting interests or to discharge inconsistent obligations places in jeopardy counsel's loyalty to an accused and could make counsel either unwilling or unable to zealously represent the accused. (See *People v. Dace* (1987), 153 Ill. App. 3d 891; 2 W. LaFave & J. Israel, Criminal Procedure § 11.9 (1984).) Accordingly, our supreme court in *People v. Stoval* (1968), 40 Ill. 2d 109, adopted a *per se* conflict of interest rule, which provides that an accused need not demonstrate prejudice in order to obtain a reversal of his conviction where it is shown that defense counsel, whether ap-

pointed or retained, acted under an actual or potential conflict of interest without the accused's knowledgeable consent. *People v. Sanchez* (1987), 161 Ill. App. 3d 586, 592.

■ *Per se* conflicts have been found to arise where defense counsel has professional commitments to others having interests clearly antagonistic to those of the accused. (*Taylor*, 165 Ill. App. 3d 1016; *Sanchez*, 161 Ill. App. 3d 586.) "In addition, a conflict of interest is *per se* where, by its nature, the conflict subjects counsel to subtle pressures adversely affecting his representation of the accused." *Taylor*, 165 Ill. App. 3d at 1021.

However, the *per se* rule does not apply in cases involving the joint representation of codefendants. (*Taylor*, 165 Ill. App. 3d 1016; *Sanchez*, 161 Ill. App. 3d 586; *People v. Ross* (1985), 138 Ill. App. 3d 1089.) It is not presumed when multiple defendants are jointly represented that their interests are necessarily hostile, but where hostility of interests is shown to exist, such joint representation is a denial of effective assistance of counsel and prejudice is presumed. *Taylor*, 165 Ill. App. 3d at 1021.

A hostility of interests is shown to exist when a defendant's testimony is antagonistic to a codefendant's interests. (*People v. Ross* (1985), 138 Ill. App. 3d 1089.) Such a situation forces defense counsel to perform a "balancing act," where he is unable to fully and vigorously represent one client without prejudicing the other. (*People v. Washington* (1984), 101 Ill. 2d 104.) The result is what occurred in this case—an unacceptable deprivation of a defendant's constitutional right to the effective representation of counsel.

■ In the case *sub judice*, defendant and two codefendants, Geraldine Lee (hereinafter Geraldine) and Donna Sconyers, were indicted for possession of a controlled substance (heroin) with intent to deliver. All three defendants were represented at trial by the same attorney.

Briefly, the facts of this case are as follows. The Chicago police obtained a search warrant for the apartment in which Sconyers and her boyfriend resided. Defendant and Geraldine, defendant's wife, were at the apartment when the police executed the search warrant. According to the police, at this time defendant admitted to them that the apartment was his alone. Defendant vehemently denied this allegation. The trial court subsequently entered a directed finding in favor of Sconyers and Geraldine, citing the State's lack of evidence linking the two codefendants to the apartment and, consequently, the drugs.

During the post-conviction proceedings, Sconyers testified that she informed trial counsel that she and her boyfriend lived in the apartment that was searched. Furthermore, defendant did not visit

her and her boyfriend often, never lived in the apartment and never had keys to it. She recollected that her boyfriend was not home at the time of the warrant's execution and that a number of people were present in the apartment during the search. Trial counsel collaborated Sconyers' testimony.

A representative of the building's owner testified that Sconyers and her boyfriend lived in the apartment at the time in question and had paid their rent to the building's owner.

Geraldine testified that she and defendant lived together at another address and that neither she nor defendant had keys to Sconyers' apartment. Geraldine further stated that she and her husband were just visiting Sconyers at the time of the search.

In this case, the State's only evidence linking defendant to the drugs was a police officer's testimony that defendant stated the apartment was his. There were no utility bills or other mail, rent receipts, a lease or anything other than the officer's statement.

At the initial trial, defense counsel did nothing to challenge the claim that the apartment was defendant's. We believe that defense counsel was between the proverbial rock and a hard place.

If counsel challenged the State on this point, he might have broken the link between defendant and the drugs but only at the cost of establishing for the State the fact of Sconyers' control over the apartment. In other words, defense counsel was forced to "sacrifice" someone. Consequently, a hostility of interests existed between defendant and Sconyers which resulted in defendant being denied effective assistance of counsel.

In light of the foregoing, the judgment of the circuit court denying defendant's post-conviction petition is reversed and we remand this cause for a new trial.

Reversed and remanded.

GREIMAN, P.J., and RIZZI, J., concur.