No. 84–6154. ALBANESE *v.* ILLINOIS. Sup. Ct. Ill. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Petitioner Charles Albanese was convicted of murder and sentenced to death. On appeal to the Illinois Supreme Court, Albanese argued that the Illinois death penalty statute violated the Eighth and Fourteenth Amendments because of the broad, post-trial discretion granted each of Illinois' 102 State's Attorneys on whether to seek the death penalty following a conviction for a capital offense.

Under the Illinois statute, the decision whether to convene a death hearing rests solely in the hands of the individual Illinois State's Attorney. Ill. Rev. Stat., ch. 38, ¶ 9–1(d) (1983). As a result, the statute vests in each State's Attorney freewheeling discretion to select, among potential capital defendants, those who may be subject to the death penalty. It allows each of the 102 State's Attorneys to establish his own policy, or no policy at all, by which to exercise this discretion. The scheme thereby introduces into the penalty phase an element of completely unbridled discretion and invites wholly arbitrary decisionmaking. It does so at the phase of the proceeding at which clear statutory guideposts and carefully channeled discretion are absolutely necessary to preserve the constitutionality of a capital sentencing scheme. See *Zant* v. *Stephens*, 462 U. S. 862, 876–877 (1983); *Godfrey* v. *Georgia*, 446 U. S. 420, 428 (1980) (plurality opinion).

Even if I did not continue to believe that the death penalty is under all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments, see *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting), I would grant certiorari in this case. As I have said before, I believe that this aspect of the Illinois scheme poses a serious constitutional question that is worthy of this Court's consideration. See *Eddmonds* v. *Illinois*, 469 U. S. 894 (1984) (MARSHALL, J., dis-

senting from denial of certiorari). I therefore dissent from the Court's refusal to consider the merits of this case.