THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD TYRREL, Defendant-Appellant.

Third District   No. 3—88—0485

Opinion filed June 8, 1989.

Catherine Fitzsimmons, of State Appellate Defender's Office, of Ottawa, for appellant.

Greg McClintock, State's Attorney, of Monmouth (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Donald Tyrrel, was convicted of two counts of aggravated criminal sexual assault after the court found he performed acts of sexual penetration against seven-year-old Amity Caldwell. He was sentenced to concurrent 20-year terms of imprisonment, and the remaining charges against him were dismissed. The defendant appeals and raises issues regarding the court's refusal to make certain accommodations for his hearing impairment, the State's bill of particulars, and effective assistance of counsel. We affirm.

The defendant was charged on April 29, 1987, with three counts of aggravated criminal sexual assault. (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1).) The State later added two counts of aggravated criminal sexual assault and two counts of indecent solicitation of a child (Ill. Rev. Stat. 1987, ch. 38, par. 11—6(a)). Counts II and V, which alleged that the defendant performed acts of sexual penetration against seven-year-old Amity Caldwell, were severed from the other counts and were tried together.

The defendant was initially represented by a public defender, then he hired a private attorney, whom he later fired. He then requested a public defender be reappointed, and for a period of time, he was represented by his privately retained attorney and a public defender. At various times before trial, the defendant also claimed he was attempting to procure the services of attorneys in Rock Island, Illinois, Montana, and Maryland. The case did not proceed to trial until over one year after the initial charges were filed, because the defendant waived his right to a speedy trial and requested con-

tinuances, and because a multitude of pretrial motions were filed, which required numerous pretrial hearings to be held. All of the issues raised on appeal arise out of the proceedings which took place prior to trial.

The defendant suffered from a hearing impairment, and prior to trial, he filed motions requesting, among other things, that an expert be appointed to examine him in order to determine his fitness to stand trial and requesting that the State provide him with a hearing aid. At the hearing on the various motions, the defendant's mother, Nyla Tyrrel, testified that she became aware of the defendant's hearing problem when he was approximately three months old. The defendant received a hearing aid when he was six years old, and he attended a school for the hearing impaired for one year. Mrs. Tyrrel stated that the defendant wore hearing aids almost continuously for several years until 1983 or 1984. She indicated that at the time of his arrest, the defendant had been attempting to obtain a hearing aid from a State agency. The witness further testified that the defendant had difficulty hearing high-pitched voices and that background noise made it hard for the defendant to understand what was said.

The defendant testified he stopped using a hearing aid in 1983 or 1984 when the device slipped out of his pocket and was chewed up by a dog. He stated he attempted to obtain a new hearing aid in 1986. He, too, testified that background noises interfered with his ability to understand what was being said and that he had difficulty hearing children's voices.

The trial court acknowledged the defendant had a history of hearing loss, but determined there was not a sufficient basis to raise a *bona fide* doubt as to the defendant's fitness to stand trial because of his hearing impairment. The court stated it had been in contact with the defendant during the course of proceedings for approximately a year, in hearings and pretrial conferences, and had observed the defendant and his ability to communicate with his attorney. It noted that the defendant offered notes or suggestions to his attorney and many times, after the court discussed matters with the attorneys, the defendant had asked to be heard upon the points raised. Based on its observations of the defendant and contacts with him, the court concluded that the defendant was able to hear sufficiently to ensure he received a fair trial. The court indicated certain accommodations would be made, such as proceeding slowly and cautiously while making certain everyone could be heard.

The defendant also filed a motion for a bill of particulars on

September 17, 1987, seeking the exact date, time, and location of the offenses. Counts II and V alleged that the offenses occurred on or about January, February, or March of 1987. At the October 2 hearing on the motion, the State agreed to respond to the defendant's motion, but informed the court that it would be difficult to provide more specific details due to the young ages of the witnesses and the fact that the incidents occurred over a period of months. The court allowed the defendant's motion and noted the State's response would be as full and complete as it could be, based on what had been said. Subsequently, numerous hearings were held on the defendant's fitness to stand trial and need for testing and a hearing aid, on motions of the defendant's attorneys to withdraw, and on motions to continue. At a May 6, 1988, hearing on various motions, the defendant noted the bill of particulars had not been filed. The State informed the court it would respond by May 10, and the attorney for the defendant stated, "That's fine. I have no objection."

At the conclusion of a May 13 hearing, the defendant reminded the court that the bill of particulars needed to be filed. The prosecutor stated he had forgotten about it, but would file the response. On May 20, the defendant filed a motion for sanctions against the State for its failure to file the bill of particulars. The State filed the bill of particulars as to counts II and V on May 23. The bill stated that the conduct complained of occurred on several occasions at the defendant's residence at night between September of 1986 and March of 1987.

At the hearing on the defendant's motion for sanctions, the defendant requested that the State be precluded from presenting any witnesses in the case. The State responded that it had provided the defendant with full discovery, including the information contained in the bill of particulars, in May or June of 1987, and that the bill contained as much specific information as the State could obtain from the victim, who was then only eight years old. The court denied the motion for sanctions, noting that the case had been difficult to bring to trial, that the State responded to the motion for the bill of particulars, that discovery had previously been provided, and that the defendant's case had not been prejudiced.

The defendant also filed a pretrial motion to suppress statements he made to the police following his arrest, alleging the statements were not voluntary and were made without benefit of counsel. At the hearing on this motion, the public defender and the defendant's private counsel appeared on the defendant's behalf. After hearing the testimony and the arguments of counsel, the court

denied the defendant's motion to suppress.

The cause was scheduled to proceed to trial before a jury on May 31, 1988, but on May 30, the defendant waived his right to a jury trial. A bench trial was held before Judge Stephen Evans on June 1 and June 2, and on June 6, Judge Evans issued an opinion letter stating he found the defendant guilty of both counts of aggravated criminal sexual assault. The defendant was later sentenced to concurrent 20-year terms of imprisonment. This appeal followed.

The defendant claims the trial court's refusal to provide him a hearing aid and its refusal to find a *bona fide* doubt as to his fitness to stand trial resulted in a denial of his right to confront his witnesses and prevented him from adequately assisting in his defense. The State submits the trial court did not abuse its discretion in ruling as it did on these issues. We agree with the State.

■ There is no dispute that the defendant suffered from a hearing impairment and wore a hearing aid for many years. Nor is there any dispute that the accused has the right to be present and assist at his trial. Under the circumstances in this case, we find the court's rulings did not result in the denial of a fair trial. The defendant's hearing loss in no way rendered him unable to understand the proceedings against him. The record establishes that despite his disability, the defendant communicated with his counsel and the court during the trial and various pretrial proceedings. The trial judge, who was in a superior position to observe the defendant and to evaluate his behavior and ability to comprehend the proceedings, properly took into account his personal observations of the defendant in determining whether a *bona fide* doubt existed. (*People v. Branson* (1985), 131 Ill. App. 3d 280.) Judge Evans specifically noted that he had observed the defendant in numerous proceedings for over one year, noted the defendant had communicated with his attorneys, listened attentively, and asked to be heard on certain issues after they were discussed among the judge and the attorneys. This led the court to believe there was not a *bona fide* doubt as to fitness. We agree that the record demonstrates that the defendant was able to understand the nature of the proceedings against him and he was able to cooperate with counsel. Accordingly, we find that the trial court did not abuse its discretion in refusing to find a *bona fide* doubt as to fitness.

■ ■ The defendant's assertion that the court's denial of his request for a hearing aid deprived him of a fair trial is similarly unpersuasive. It is well established that a trial court should afford a handicapped defendant reasonable facilities for confronting and

cross-examining the witnesses as circumstances will permit. However, the exact manner in which this result is reached must depend on the circumstances of the case and, to a considerable extent, be left to the sound discretion of the court. (*People ex rel. Myers v. Briggs* (1970), 46 Ill. 2d 281, 287.) In the instant case, the trial court was clearly concerned about the defendant's hearing impairment, but as detailed above, the court was convinced from its observations of the defendant that he communicated with counsel and the court, responded appropriately to questions asked of him, and actively participated in the proceedings. In denying the defendant's motion for a hearing aid, the court stated the trial would be conducted more slowly and cautiously if necessary to ensure the defendant heard everything that was said. The record of proceedings discloses that witnesses were occasionally instructed to speak more loudly, and questions and answers were repeated if the defendant indicated he had been unable to hear them. Based on the foregoing, we hold that the court's refusal to provide the defendant a hearing aid was not an abuse of discretion.

The defendant also contends he was denied a fair trial because the State filed the bill of particulars late, just nine days before trial, and because the bill expanded the time period in which the offenses allegedly occurred. The State argues that the defendant was not prejudiced by the timing of the filing of the bill of particulars or by the contents of the bill. Again, we agree with the State.

■■ ■ The parties acknowledge that the purpose of a bill of particulars is to provide more specificity so the defendant is able to understand the nature of the charges or prepare his defense. (*People v. Aud* (1972), 52 Ill. 2d 368.) The original charges alleged that the offenses occurred in January, February, or March of 1987. At the hearing on the defendant's motion for a bill of particulars, which was held on October 2, 1987, the State agreed to respond to the motion, but informed the court that it would be difficult to provide more specific details because the victim was very young and because the acts alleged occurred over a period of months. The filing of the bill of particulars was again raised at a May 6, 1988, hearing. The court allowed the State to file its response on May 10, 1988, but it was not filed until May 23. The bill stated that the alleged offenses occurred between September 1986 and March 1987. At the hearing on the defendant's motion for sanctions, the court denied the motion after it determined that the State did not intend to harm the defendant's case and that the defendant suffered no prejudice.

The State's response to the defendant's bill of particulars was

clearly late, and it expanded the time span in which the offenses allegedly occurred. However, we find that neither of these circumstances resulted in any prejudice to the defendant. From discovery material the defendant received early in the case, the defendant was informed that the victim told police the events took place at the defendant's house during the previous six to eight months. Further, the defendant merely made nonspecific allegations that the late filing and the contents of the bill of particulars hindered his defense, but has failed to demonstrate that he suffered any prejudice. Moreover, the defendant did not request a continuance in order to better prepare his defense in response to the bill of particulars. We agree with the trial court that there was no intent on the part of the State to prejudice the defendant, that the State responded as fully as it was able given the victims' young age, and that the defendant has not established any prejudice. Accordingly, the trial court's denial of the motion for sanctions does not constitute reversible error.

■ Finally, the defendant argues he was denied effective assistance of counsel at the hearing on his motion to suppress because his attorney failed to adequately cross-examine a witness. The State correctly contends that this issue has been waived. Our supreme court has repeatedly held that a defendant's failure to raise an issue in a written motion for a new trial results in a waiver of that issue on appeal. (See, *e.g.*, *People v. Enoch* (1988), 122 Ill. 2d 176.) The defendant filed two post-trial motions but failed to raise this issue in either one of them. Therefore, the issue of counsel's incompetency at the suppression hearing has been waived. Furthermore, as the evidence against the defendant was not closely balanced, justice does not require the application of the plain error doctrine.

For the foregoing reasons, the judgment of the circuit court of Warren County is affirmed.

Affirmed.

WOMBACHER, P.J., and STOUDER, J., concur.