**William JOHNSTON,**
**Petitioner–Appellant,**

**v.**

**Larry MIZELL, Warden, and Attorney General, State of Illinois, Respondents–Appellees.**

No. 89–1662.

United States Court of Appeals, Seventh Circuit.

Argued June 20, 1990.

Decided Aug. 31, 1990.

Howard B. Eisenberg, Southern Ill. University, School of Law, Carbondale, Ill., David Grounds, Wood River, Ill., for petitioner-appellant.

William H. Johnston, Vienna, Ill., pro se.

Douglas K. Smith, Asst. Atty. Gen., Office of Atty. Gen., Crim. Appeals Div., Springfield, Ill., for respondents-appellees.

Before FLAUM and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Pursuant to 28 U.S.C. § 2254, petitioner-appellant William Johnston filed in the district court a petition for a writ of habeas corpus. The petition alleged that Johnston's sixth and fourteenth amendment right to effective assistance of counsel was infringed when in a post-trial motion and hearing for a new trial Johnston's trial counsel, Henson, argued that his own assistance at trial was ineffective. After Johnston consented to final judgment by a magistrate, the magistrate denied his petition. Johnston appeals that decision.

Underlying Johnston's habeas action is his conviction for attempted murder, aggra-vated kidnapping, and armed robbery. Apparently, Johnston had at gunpoint forced his former employer, Nave, to write him a check. He then drove Nave to a remote, wooded area where he repeatedly tied and untied the man, drove him around, and, finding a desolate outhouse, forced him to remove the toilet cover and climb into the toilet's dark recesses. Johnston then fired two shots into the toilet, one of which struck Nave in the head, causing permanent loss of right peripheral vision. During a bench trial in Illinois state court, Johnston asserted that the gun discharged accidentally. He also asserted that at the time of his acts he was insane and highly intoxicated due to drugs. His assertions failed to persuade the judge, however, and he was convicted.

After his conviction, Johnston, through Henson, his attorney, filed with the court a Motion for a New Trial (the "Motion"). The Motion raised a number of issues, among which was one concerning the effectiveness, or lack thereof, of Henson's trial assistance. After a hearing, the state court denied the Motion. Later, on appeal with a new attorney, Johnston argued that he was entitled to a new post-trial hearing with a new post-trial attorney. *See People v. Johnston*, 148 Ill.App.3d 463, 102 Ill.Dec. 79, 499 N.E.2d 636 (1986), *appeal denied*, 113 Ill.2d 580, 106 Ill.Dec. 52, 505 N.E.2d 358 (1987). In arguing post-trial his ineffectiveness at trial, Johnston claimed, Henson surely was affected by an inherent conflict of interest, one which created *per se* ineffective post-trial assistance. *Cf. People v. Krankel*, 102 Ill.2d 181, 80 Ill. Dec. 62, 464 N.E.2d 1045 (1984). Johnston argued naught about Henson's purported ineffective assistance *at trial;* his appeal centered exclusively on Henson's purported ineffective assistance *post-trial.* The Illinois appellate court, however, perhaps "[f]earing infinite regress," *Page v. United States*, 884 F.2d 300, 301 (7th Cir.1989), chose to investigate Henson's trial assistance. Finding it effective under the test first enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the court concluded that no reason existed to remand for a new

post-trial proceeding. Noting that errors of constitutional magnitude will be disregarded "where the error is harmless beyond a reasonable doubt," *Johnston,* 102 Ill.Dec. at 82, 499 N.E.2d at 639, the court held that "a new post-trial motion with new counsel is not required." *Id.,* at 83, 499 N.E.2d at 640. From this decision one justice dissented. *See id.,* at 85, 499 N.E.2d at 642 (Harrison, J., dissenting). Once ineffective assistance of counsel at trial was raised in a post-trial motion, the justice opined, Johnston was entitled to a lawyer who could argue the issue without conflict.

Johnston's subsequent petition to the federal court for writ of habeas corpus once again raised the argument of Henson's purported post-trial ineffective assistance of counsel. Once again, Johnston's argument failed. The reviewing magistrate rejected Johnston's petition on two grounds. First, the magistrate noted that Johnston's contention of post-trial ineffectiveness *per se* was based largely on the authority of *People v. Krankel, supra,* a case seemingly outdated and certainly inapposite. In *Krankel,* a defendant filed a *pro se* motion for a new trial in which he argued that his counsel's assistance at trial was ineffective. His counsel, who had also filed a motion for a new trial (but without an ineffective assistance of counsel claim) asked the lower court for a continuance so that his client could procure an attorney to argue the *pro se* motion. The lower court declined counsel's request, and the defendant argued the motion by himself. Later, on appeal before the Illinois Supreme Court, both the defendant and the State agreed that the defendant should have had counsel, other than his trial counsel, to argue his *pro se* motion, and both agreed that the defendant was entitled to a new post-trial hearing with new post-trial counsel. In light of the *rapprochement* between the defendant and the State, the Court ordered a new post-trial proceeding with new post-trial counsel. *See Krankel,* 80 Ill.Dec. at 66, 464 N.E.2d at 1049. But after *Krankel,* the magistrate observed, Illinois courts facing similar circumstances refused to remand for new post-trial hearings. *See People v. Smith,* 132 Ill.App.3d

857, 87 Ill.Dec. 629, 477 N.E.2d 755 (1985); *People v. Mallette,* 131 Ill.App.3d 67, 86 Ill.Dec. 240, 475 N.E.2d 237 (1985). Noting this trend, the magistrate concluded that it is "not imperative that petitioner be represented by substitute counsel on the post-trial motion," nor was it "prejudicial per se for petitioner's trial counsel to argue his own ineffectiveness" post-trial. The second ground for the magistrate's rejection of Johnston's petition was the magistrate's determination that Henson's performance *at trial* was not deficient, that under the *Strickland* test his assistance there was effective. Having failed to discern *per se* ineffective assistance of counsel at the post-trial stage or regular ineffective assistance of counsel at the trial stage, the magistrate denied Johnston's petition.

■ On this appeal, Johnston raises but one argument: that he was denied his constitutional right to effective assistance of counsel in the *post-trial* proceedings because his attorney argued post-trial his ineffective assistance at trial. Once again, the merits of Henson's performance at trial are not directly in issue. It is only Henson's performance post-trial that Johnston is concerned with; thus, it is only Henson's performance post-trial that shall rivet our attention.

The gist of Johnston's argument is simple: An attorney who attempts to argue his own incompetence must always struggle with an inherent conflict of interest. In situations where an attorney faces such a conflict of interest ineffective representation is presumed. *See generally Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). In this case, Henson faced an inherent conflict of interest when he argued post-trial his ineffective assistance at trial. Ergo, his assistance post-trial was *per se* ineffective. And even if we do not choose to presume (per *Cuyler* and *Holloway*) Henson's post-trial ineffectiveness, there is no doubt that the conflict facing Henson actually made ineffective (per *Strickland*) his post-trial assistance. In any case, Johnston argues, he is entitled to a writ of

habeas corpus conditioned upon the State providing a new post-trial hearing with a new post-trial attorney.

Generally, ineffective assistance of counsel claims are analyzed under the test set forth by the Supreme Court in *Strickland v. Washington, supra. See also People v. Albanese,* 104 Ill.2d 504, 85 Ill.Dec. 441, 473 N.E.2d 1246 (1984), *cert. denied, Albanese v. Illinois,* 471 U.S. 1044, 105 S.Ct. 2061, 85 L.Ed.2d 335 (1985). Under the *Strickland* test, the defendant must show two things: (1) that his attorney's conduct fell below the minimum professional standards of conduct, and (2) that this deficient performance was so prejudicial that the outcome for the defendant probably was changed. *Strickland,* 466 U.S. at 687–96, 104 S.Ct. at 2064–69. Of the *Strickland* test the defendant must prove both "prongs"; conversely, then, upon the defendant's failure to prove either prong, a reviewing court may dispose of the defendant's claim. The most difficult step for the defendant usually is proving sufficient prejudice. When he founders there a reviewing court may dispose of his claim without considering whether his counsel's performance was lacking. *Id.,* at 697, 104 S.Ct. at 2069. In certain cases, however, cases in which ineffective assistance of counsel claims are predicated on an attorney's conflict of interest, the showing of prejudice required by *Strickland* is relaxed. *See, e.g., United States v. Horton,* 845 F.2d 1414, 1418 (7th Cir.1988). At trial, if a court has notice of a conflict of interest yet fails to inquire about it, "a reviewing court will presume prejudice upon a showing of possible prejudice." *Id.,* at 1418 (citing *Holloway v. Arkansas,* 435 U.S. at 484–91, 98 S.Ct. at 1178–82). If, on the other hand, the trial court has no notice of the purported conflict, prejudice is presumed only if the defendant demonstrates that " 'an actual conflict of interest adversely affected his lawyer's performance.' " *Id.* (quoting *Cuyler v. Sullivan,* 446 U.S. at 348–49, 100 S.Ct. at 1718–19).

The reason for these presumptions, the *Holloway* and *Cuyler* presumptions, is evident: It is almost impossible to know the damage wrought by an attorney at trial who is besieged by a conflict of interest. The difficulty in evaluating the extent to which the conflict affected the attorney's representation is too much. *See Holloway,* 435 U.S. at 489–91, 98 S.Ct. at 1181–82. It is too much because the real danger in cases involving a conflict of interest is not what the trial attorney did, but rather what the trial attorney refrained from doing. *Holloway,* 435 U.S. at 490, 98 S.Ct. at 1181. The trial record could not indicate what possible actions the trial attorney failed to pursue, nor could it indicate the extent to which the trial attorney's decisions affected the outcome of the trial. *Id.,* at 489–91, 98 S.Ct. at 1181–82. Reflecting on the trial record would avail a reviewing court no certain answer concerning prejudice. An inquiry into prejudice would be inefficacious; prejudice, therefore, should be presumed.

Because his ineffective assistance of counsel claim is based upon his attorney's post-trial conflict of interest, Johnston argues that the *Holloway,* or at least the *Cuyler,* presumption of prejudice should apply. We think otherwise, for several reasons. First, there is no reason for us to accept without question one of Johnston's points: that Henson was faced with an inherent conflict of interest in arguing post-trial his ineffectiveness at trial. Johnston argues that common sense requires our submission to this point, but in cases similar to this one Illinois courts have concluded that a conflict cannot be presumed. *See, e.g., People v. Cooper,* 177 Ill.App.3d 942, 127 Ill.Dec. 193, 197, 532 N.E.2d 1022 (1988), *aff'd,* 132 Ill.2d 347, 138 Ill.Dec. 282, 547 N.E.2d 449 (1989); *People v. Davis,* 151 Ill.App.3d 435, 104 Ill.Dec. 283, 288, 502 N.E.2d 780 (1986), *appeal denied,* 114 Ill.2d 548, 108 Ill.Dec. 420, 508 N.E.2d 731 (1987). With this we need not struggle, however, for our second objection to Johnston's argument is conclusive. In this case relating to a post-trial motion for new trial, no presumption of prejudice should apply, for no matter the type or intensity of Henson's conflict of interest post-trial (there is no allegation of a conflict at trial), Johnston could not have been prejudiced in a

manner undiscoverable by a reviewing court.

■ For starters, in a case such as this little room for any prejudice exists. In Illinois, a post-trial motion for a new trial is a critical stage in criminal proceedings. *People v. Finley*, 63 Ill.App.3d 95, 19 Ill. Dec. 773, 778, 379 N.E.2d 645, 650 (1978). This is so, as Johnston himself reminds us, because a written post-trial motion is necessary to preserve an issue for appellate review. *People v. Enoch*, 122 Ill.2d 176, 119 Ill.Dec. 265, 270, 522 N.E.2d 1124, 1129, *cert. denied, Enoch v. Illinois*, 488 U.S. 917, 109 S.Ct. 274, 102 L.Ed.2d 263 (1988). Ordinarily, issues not raised in a written post-trial motion are waived for appellate review and cannot subsequently be raised; *People v. Huckstead*, 91 Ill.2d 536, 65 Ill. Dec. 232, 235, 440 N.E.2d 1248, 1251 (1982); in order to preserve all meaningful issues for review, then, defendants need counsel to assist them post-trial. If a defendant has no post-trial counsel, prejudice might result from a failure to preserve an issue for appeal. Likewise if a defendant has ineffective post-trial counsel. In either case, the prejudice to be avoided is the loss, through waiver, of a meaningful appellate issue, including the issue of ineffective assistance of trial counsel. *See People v. Keys*, 195 Ill.App.3d 370, 141 Ill.Dec. 917, 921, 552 N.E.2d 285 (1990) (dicta); *People v. Tyrrel*, 185 Ill.App.3d 57, 132 Ill.Dec. 906, 910, 540 N.E.2d 828, 832, *appeal denied*, 127 Ill.2d 637, 136 Ill.Dec. 603, 545 N.E.2d 127 (1989). In this case, however, Henson raised the issue of his trial ineffectiveness in the post-trial Motion. He preserved the issue for appeal. Prejudice was avoided; thus, no prejudice should be presumed.

But perhaps Henson's purported conflict of interest prevented him from raising in his post-trial Motion certain arguments relating to his trial ineffectiveness that he otherwise would have raised? The points Henson raised would be appealable, but those he did not would, under the general rule, be waived, causing prejudice. Of course, the "conflict" allegedly deterring Henson from arguing certain points about his own trial ineffectiveness is not unique. Rather, such a "conflict" exists in every case in which trial counsel also makes the post-trial motion, *i.e.*, the great majority of all cases. In all of those cases counsel may be dissuaded from arguing post-trial his purported ineffectiveness at trial. Were we to accept Johnston's argument that in this case prejudice must be presumed and new post-trial counsel appointed, we necessarily would have to order in every case post-trial counsel different from trial counsel, else who would timely monitor trial counsel's performance?

■ We need not accept Johnston's argument, however, because the general rule of waiver does not apply to issues of ineffective assistance of trial counsel when a defendant's trial counsel also represented the defendant post-trial. *People v. Chandler*, 129 Ill.2d 233, 135 Ill.Dec. 543, 546, 543 N.E.2d 1290, 1293 (1989). *See also People v. Frank*, 48 Ill.2d 500, 272 N.E.2d 25, 27 (1971) ("waiver will not apply where it would act as a denial of due process ... or of fundamental fairness"). In such cases the Illinois doctrine of "plain error" applies. *Chandler*, 135 Ill.Dec. at 546, 543 N.E.2d at 1293. *See also People v. Cooper*, 132 Ill.2d 347, 138 Ill.Dec. 282, 288, 547 N.E.2d 449 (1989) (findings of plain error follow from showing of ineffective assistance of trial counsel). It is too much to expect counsel to argue post-trial his own ineffectiveness at trial, so if the issue is not raised post-trial it is excusable. Defendant, if he chooses, may still raise the issue of counsel's trial ineffectiveness on appeal. *See Chandler, supra; Cooper, supra*. Moreover, in certain circumstances he still may raise the issue post-appeal. *See, e.g., People v. Jones*, 109 Ill.2d 19, 92 Ill.Dec. 552, 553–54, 485 N.E.2d 363, 364–65 (1985), *cert. denied, Jones v. Illinois*, 475 U.S. 1090, 106 S.Ct. at 1481, 89 L.Ed.2d 735 (1986); *People v. Gaines*, 105 Ill.2d 79, 85 Ill.Dec. 269, 276, 473 N.E.2d 868, 875 (1984), *cert. denied, Gaines v. Illinois*, 471 U.S. 1131, 105 S.Ct. 2666, 86 L.Ed.2d 282 (1985); *People v. Thomas*, 38 Ill.2d 321, 231 N.E.2d 436 (1967); *People v. Lee*, 185 Ill. App.3d 420, 133 Ill.Dec. 536, 539–40, 541 N.E.2d 747, 750–51 (1989); *People v. Tay-*

*lor,* 165 Ill.App.3d 1016, 117 Ill.Dec. 556, 559, 520 N.E.2d 907, 910, *appeal denied,* 121 Ill.2d 584, 122 Ill.Dec. 445, 526 N.E.2d 838 (1988). So even if Henson failed to argue something important in his post-trial Motion, something that related to his ineffectiveness at trial, nothing stopped Johnston (and new appellate counsel) from making the argument on appeal, or later in a post-appeal proceeding.

In the main, then, Johnston could not be prejudiced. And more important for our present purposes, if by some happenstance Johnston was prejudiced, the prejudice would not be unknown and unknowable, but rather the opposite.

The *Holloway* or *Cuyler* presumption of prejudice cannot be applied blindly to every ineffective assistance of counsel claim involving a conflict of interest. Due regard must be given for the reasoning behind the *Holloway–Cuyler* rule: where the reasoning behind the rule stops, there stops the rule. The reasoning behind the *Holloway–Cuyler* rule is that a conflict of interest in the setting of a trial could cause unreviewable and unknowable damage to the defendant's case. In the setting of a post-trial motion for a new trial, however, it cannot. In a post-trial motion claims of trial ineffectiveness generally are limited to matters revealed by the trial record. Consequently, counsel's efforts post-trial are quite reviewable, any damage caused quite knowable: By examining the record *at trial* a court can determine what arguments counsel could or should have made *post-trial* regarding the representation at trial. This holds when post-trial counsel is the same as trial counsel, as well as when he is different. About prejudice a reviewing court need not speculate. Nor need it

presume prejudice when prejudice, if any, is fully discoverable.

In this case, a reviewing court could always determine the level of prejudice: The review of Henson's post-trial performance, straightforward and straight from the trial and post-trial record, would unearth anything of import. The inquiry here, indeed, would be essentially the same as inquiries into the effectiveness of appellate counsel's representation regarding issues of trial counsel's ineffectiveness, inquiries in which courts review the trial record to see what arguments appellate counsel should have raised, inquiries that courts engage in routinely. *See, e.g., Page v. United States, supra.* Prejudice is not presumed in those cases, nor should it be here.[1]

This reasoning takes care of Johnston's claim to the *Holloway–Cuyler* presumption. In large part, it also takes care of our need to review Henson's post-trial assistance under the *Strickland* standard. As noted previously, if a defendant fails to prove either prong of *Strickland* the defendant's claim for ineffective assistance of counsel likewise will fail. Before us Johnston's ineffective assistance of counsel claim is limited to Henson's assistance post-trial, not at trial, and as we have seen, Johnston cannot prove prejudice from Henson's post-trial assistance, at least as far as waiver is concerned. But perhaps there was other prejudice. Perhaps Henson's purported conflict prevented him from arguing the issue of his trial ineffectiveness with the requisite fervor, thereby dissuading the trial judge from granting Johnston a new trial. Of course, on appeal (or post-appeal) Johnston could have obtained different counsel (which he did), and the dif-

---

**1.** We note that a reviewing court on appeal would be in much the same position as newly appointed counsel before a post-trial motion (which is what Johnston requests for relief). Both would have to scan the trial record to determine if counsel's assistance at trial was ineffective, the post-trial counsel to determine if an ineffective assistance of trial counsel argument should be raised, the reviewing court to determine if post-trial counsel made a competent or non-prejudicial decision.

Of course, Henson's ineffective trial assistance may not be evident from the record. It may, as

Johnston obliquely suggests, be evident only from off-record evidence known only to Henson but not proffered by him post-trial because of his conflict. If the record could not (or would not) be supplemented, an appellate court would not know the ineffectiveness. But then again, neither would new post-trial counsel. Thus, having post-trial counsel different than Henson would avail Johnston nothing. Even with counsel free from any conflict of interest Johnston's chances post-trial would be no better than before.

ferent counsel with the requisite fervor could have argued the issue of Henson's trial ineffectiveness (which he did not). But that is beside the point. In any case, after reviewing the record (and noting the absence of any proffering of off-record evidence) we have concluded that there is no reasonable probability that but for Henson's alleged disinterest in arguing his own ineffectiveness, the outcome of the post-trial Motion would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Johnston, then, has not shown sufficient prejudice and, consequently, he cannot meet the strictures of *Strickland*.[2] His claim fails. So too does his petition.[3]

AFFIRMED.

---

2. By the way, Johnston also has not met the other prong of *Strickland*: reasonably effective assistance. Johnston asserts that Henson acted unreasonably in arguing post-trial his ineffectiveness at trial. Specifically, Johnston asserts that Henson failed adequately to develop the ineffectiveness claims he raised in his post-trial Motion.

In that Motion Henson proffered two grounds for his ineffective assistance claim. The first ground concerned his stipulation at trial to allow a State witness to testify by phone. In his Motion, Henson argued that the stipulation was a judgmental error of great import, one that affected a key issue at trial. The State witness testified about Johnston's mental state, and the insanity defense was an important part of Johnston's case. The second ground concerned Henson's failure to elicit testimony about the combined effect on Johnston of the drugs Johnston allegedly was taking at the time of the crime. In his Motion, Henson argued that he had failed to bring out that information. After taking in Henson's arguments, the trial court considered the merits of his claims. Obviously, the court found Henson's ineffectiveness claims alleged and presented with sufficient specificity.

After reviewing the trial and post-trial records, we find Henson's post-trial assistance, while not eximious, to be within the range of professionally competent representation. And although Johnston makes vague allusions throughout his brief that Henson's ineffectiveness is not apparent from the record, he sug-

gests no reasons why, nor does he allege other instances of ineffective assistance. Johnston, therefore, cannot satisfy the first prong of the *Strickland* analysis.

3. Johnston's requested relief is not a reversal of his conviction, but a new hearing. It is unclear from his brief what Johnston wants the hearing for. If the purpose of the requested hearing is to develop evidence about Henson's ineffective *post-trial* assistance, the hearing is unnecessary, as this opinion clearly shows. If, on the other hand, the purpose of the requested hearing is to develop evidence about Henson's ineffective trial assistance (which makes more sense), Johnston is too late. *Cf. Rogers v. Israel*, 746 F.2d 1288, 1296 (7th Cir.1984) (to obtain a federal hearing, a defendant must show that material undeveloped facts exist and that the failure to develop those facts in earlier proceedings is not due to deliberate bypass or inexcusable neglect). *Accord People v. Pearson*, 188 Ill.App.3d 518, 136 Ill.Dec. 251, 254, 544 N.E.2d 1026, 1029 (1989), *appeal denied*, 128 Ill.2d 670, 139 Ill.Dec. 520, 548 N.E.2d 1076 (1990). Johnston, with new appellate counsel, had opportunities in state appellate court and in the district court below to argue Henson's purported ineffective trial assistance. But, as previously noted, Johnston's arguments in those proceedings went only to the ineffectiveness of Henson's performance post-trial, not to his ineffectiveness at trial or to his ineffectiveness both at trial and post-trial.