956 F.2d 273
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas-Dimas FLORES, Defendant-Appellant.
 No. 90-3127.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1992.
Decided Feb. 27, 1992.
 
 Before BAUER, Chief Circuit Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 This matter comes before the Court on a motion filed pursuant to Circuit Rule 51(a) by Attorney Tod M. Urban to withdraw as court appointed counsel for appellant Thomas Dimas-Flores. Attorney Urban's motion and supporting brief, filed pursuant to Anders v. California, 386 U.S. 738 (1967) and United States v. Edwards, 777 F.2d 364 (7th Cir.1985), claim that all issues on appeal are frivolous.[1]
 
 I. BACKGROUND
 
 2
 Dimas-Flores pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and one count of distribution of 998.6 grams of cocaine in violation of 21 U.S.C. § 841(a)(1).[2] A very thorough plea hearing was held on May 4, 1990. The defendant admitted the factual allegations in the indictment, and stated that he understood all of the charges against him, as well as the rights that he was giving up by pleading guilty. Dimas-Flores also stated that he was satisfied with his attorney's representation.[3]
 
 
 3
 On September 13, 1990, Dimas-Flores was sentenced by the district court. The government and the Presentence Report recommended enhancing the base offense level by two levels, pursuant to Sentencing Guideline 3B1.1(c), for Dimas-Flores' role in the offense as an organizer or a leader in the conspiracy. Defense counsel objected to this increase, but withdrew the objection upon reminder that the defendant admitted during the plea hearing that he hired others to transport and deliver some cocaine. Dimas-Flores was also given a two-level reduction for acceptance of responsibility. Based on Dimas-Flores' admission at the plea hearing that the cocaine conspiracy involved at least 1,886.4 grams of cocaine, his base offense level was calculated at 26. The Guideline Range indicated that Dimas-Flores should receive a sentence between 63 and 78 months. The district court sentenced the defendant to 75 months imprisonment to be followed by five years of supervised release, in addition to a $100 special assessment.
 
 II. ANALYSIS
 
 4
 Before an appellate court may grant an attorney's motion to withdraw under Anders:
 
 
 5
 it must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal. Second, it must conclude whether counsel correctly concluded that the appeal is frivolous.
 
 
 6
 United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990) (quoting McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429 (1988)).
 
 A. The Conviction
 
 7
 Dimas-Flores could attempt to challenge his conviction by alleging ineffective assistance of counsel or claiming that his plea was involuntary. "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The two-prong test announced in Strickland v. Washington, 466 U.S. 668 (1984), is applicable to claims of ineffective assistance of counsel in a guilty plea setting. Therefore, Dimas-Flores would have to show:
 
 
 8
 (1) that his attorney's conduct fell below the minimum professional standards of conduct, and (2) that this deficient performance was so prejudicial that the outcome for the defendant was probably changed.
 
 
 9
 Johnston v. Mizell, 912 F.2d 172, 175 (7th Cir.1990), cert. denied, 111 S.Ct. 982 (1991). In challenging a guilty plea, a defendant must demonstrate that he would have insisted on going to trial in the absence of his counsel's errors. See Liss v. United States, 915 F.2d 287, 291 (7th Cir.1990).
 
 
 10
 We agree with Attorney Urban that Dimas-Flores could not meritoriously argue that his counsel was ineffective. Nor can the appellant claim that his plea was not voluntary. A review of the plea hearing reveals a very careful explanation of the charges and the rights Dimas-Flores would give up by entering a plea. The defendant interacted often with the trial court, demonstrating his understanding of the proceeding. On several occasions Dimas-Flores, through his interpreter, stated that he wished to freely enter the plea because he was guilty of the crimes charged. In short, we find nothing in the record to indicate that counsel's performance was in any way deficient or that Dimas-Flores' plea was anything but an intelligent and voluntary waiver of his rights.
 
 B. The Sentence
 
 11
 The only possible challenge that Dimas-Flores could bring in reference to his sentence is the imposition of the two-level enhancement for the appellant's role in the offense as a leader or organizer in the conspiracy. Sentencing Guideline § 3B1.1(c) states: "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels." The Commentary to § 3B1.1, Application Note 3 provides:
 
 
 12
 In distinguishing a leadership and organizational role from one of mere management or supervision, titles such as "kingpin" or "boss" are not controlling. Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed tight to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as leader or organizer of a criminal association or conspiracy. This adjustment does not apply to a defendant who merely suggests committing the offense.
 
 
 13
 "Determinations regarding whether a defendant has a managerial or supervisory role are factual." United States v. Hernandez, 931 F.2d 16, 17 (7th Cir.1991). We will only overturn a district court's factual findings if they are clearly erroneous. Id. The court found, and Dimas-Flores admitted, that the defendant supervised two other individuals in this cocaine conspiracy. We find no error in the district court's imposition of the two-point enhancement.
 
 
 14
 For the foregoing reasons, Attorney Urban's motion to withdraw is GRANTED, and this appeal is dismissed as FRIVOLOUS.
 
 
 
 [1]
 Although notified of his right to respond to the motion pursuant to Circuit Rule 51(a), Dimas-Flores has failed to respond
 
 
 [2]
 Dimas-Flores was indicted on a total of eight charges. Pursuant to the plea agreement, six counts of the indictment were dismissed
 
 
 [3]
 Dimas-Flores' primary language is Spanish. He was assisted by an interpreter at both the plea and sentencing hearings. At the plea hearing, the interpreter stated that she translated the plea agreement for the defendant, and it appeared that he understood the contents of the agreement. The interaction between the court and the defendant demonstrated his understanding of the proceedings. Therefore, we do not believe that the appellant could claim any error arising from the language difference