THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DWAYNE PATRICK KELLEY, Defendant-Appellant.

Third District   No. 3—91—0882

Opinion filed November 30, 1992.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HAASE delivered the opinion of the court:

The defendant, Dwayne Patrick Kelley, appeals the denial of his motion to withdraw his guilty plea. We affirm.

The record shows that the defendant agreed to plead guilty to two counts of burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19—1). At the guilty plea hearing, the judge began admonishing the defendant of his rights. The defendant indicated that he did not understand one of the judge's questions, so he was allowed to approach the bench. Soon

thereafter, in response to the judge's questions, the defendant stated his age, his education level, and his physical condition. The defendant also admitted that he was hard of hearing. He gave appropriate responses to the judge's other questions. Later in the hearing, the judge asked the defendant's attorney to repeat several questions to him, and the attorney did so. The defendant stated that he understood everything the judge had said. Thereafter, the court accepted the defendant's plea.

Following a sentencing hearing, the defendant was sentenced to three years' imprisonment. On appeal, we remanded the cause so that the defendant could be admonished of his appellate rights. *People v. Kelly* (3d Dist. 1991), No. 3—90—0524 (unpublished order under Supreme Court Rule 23).

Upon remand, the defendant was advised of his rights. He subsequently filed a motion to withdraw his plea. He alleged that he did not knowingly, intelligently, or voluntarily waive his rights when he pled guilty because of his severe loss of hearing. He also alleged that his sentence was excessive in light of the relevant sentencing factors, and that other alternatives were available which would further his rehabilitation. Consequently, he asked that his sentence be modified if he was not allowed to withdraw his plea.

On October 16, 1991, a hearing was held on the defendant's motion before the same trial judge who had accepted the guilty plea. The parties stipulated that the defendant's hearing loss had progressed from a mild level in 1979 to a severe level in 1988.

The defendant testified with the assistance of a sign language interpreter. According to the defendant, he had not understood the questions he had been asked at the time of his plea. He noted that his attorney had repeated the judge's questions when the defendant looked at him. The defendant admitted that when his attorney spoke to him, he understood what the judge had asked. The defendant also acknowledged that he read lips.

The defendant further stated that his attorney had explained what he was "getting into" by pleading guilty, but the defendant had not understood what he was doing. He wanted to have a trial because he was not able to hear at his plea. He also said that he was confused about his right to a trial by either a jury or a judge.

The trial judge indicated that at the time of the defendant's plea, he had been aware of the defendant's hearing problem. In order to compensate for that, the court had directed the defendant's attorney to repeat the questions to the defendant. After a few questions, the judge was satisfied that the defendant understood what the judge had

told him. The judge found that the defendant had completely understood the proceedings. Accordingly, he denied the motion to withdraw the plea.

On appeal, the defendant first argues that he should be allowed to withdraw his plea because it was not knowingly and voluntarily made. He contends that his loss of hearing rendered him incapable of understanding the proceedings.

■ We begin by noting that it is within the trial judge's discretion to determine what reasonable measures are necessary to aid a hearing-impaired defendant. (*People ex rel. Myers v. Briggs* (1970), 46 Ill. 2d 281, 263 N.E.2d 109.) The exact manner chosen depends on the circumstances of each case. *People v. Tyrrel* (1989), 185 Ill. App. 3d 57, 540 N.E.2d 828.

Here, the defendant gave varied and appropriate responses to the questions posed by the trial judge at the plea hearing. He specifically stated that he understood the proceedings. At the hearing on the motion to withdraw the plea, he admitted that he understood the judge's questions after his lawyer had repeated them. The trial judge, who was in a better position to determine whether the defendant had understood the proceedings, found that the defendant had completely understood them. Based on these facts, we find that the trial judge properly denied the defendant's motion to withdraw his plea.

The defendant next argues that this court should remand the cause for consideration of the defendant's request that his sentence be modified because the trial court did not rule on it. The State argues that the defendant waived this issue by failing to bring the request to the court's attention at the hearing.

A party filing a motion has the responsibility to bring it to the trial court's attention. (*Gordon v. Bauer* (1988), 177 Ill. App. 3d 1073, 532 N.E.2d 855.) Unless a motion is brought to the attention of the trial judge and the judge is requested to rule on it, the motion is not effectively made. (*People v. Gambill* (1980), 91 Ill. App. 3d 302, 414 N.E.2d 859.) When no ruling has been made on a motion, it is presumed to have been abandoned unless the circumstances indicate otherwise. *City National Bank v. Langley* (1987), 161 Ill. App. 3d 266, 514 N.E.2d 508.

■ In his motion, the defendant made a bare assertion that his sentence was not in keeping with the relevant sentencing factors and that it did not promote his rehabilitation. He presented no evidence supporting his allegation at the hearing, even though he was given the opportunity to present further evidence following his testimony. After the trial judge made his decision, the defendant made no at-

tempt to obtain a ruling on the sentencing question. There is also no indication in the record that the defendant's minimum prison sentence was an abuse of discretion. Under these circumstances and based on the foregoing case law, we find that the defendant waived his sentencing issue by failing to bring it to the court's attention. Accordingly, we affirm the judgment of the circuit court of Will County.

Affirmed.

GORMAN and McCUSKEY, JJ., concur.