57 F.3d 1073
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Albert BELL, Petitioner-Appellant,
v.
George DETELLA, et al., Respondents-Appellees.
 No. 94-1188.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 7, 1995.*
Decided June 7, 1995.
 
 Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.
 
 Order
 
 1
 Albert Bell was convicted of a 1983 murder and armed robbery after a jury saw evidence that included his signed confession and a bloodstained knife and pants. The facts are detailed in People v. Bell, 191 Ill.App.3d 877, 548 N.E.2d 397 (1st Dist.1989); as they are presumed correct under 28 U.S.C. Sec. 2254(d), we need not repeat them here. His petition for a writ of habeas corpus was denied in the district court; after the issuance of a certificate of probable cause, Bell appeals.
 
 
 2
 At trial, two of the State's witnesses mentioned in passing that Bell's brother, Curtis, gave a statement to police. (The statement confessed the brothers' involvement in the crime, but was suppressed; the two brothers were not tried together.) Bell claims that those statements prevented him from having a fair trial and that they violated the Confrontation Clause and the privilege against self-incrimination. Bell calls the statements "hearsay", but because the content of that statement was never revealed to the jury, the characterization is incorrect. Hearsay is an out-of-court statement used for the truth of the matter asserted; the testimony complained of was not.
 
 
 3
 Bell argues, however, that the jury could have inferred from the existence of the statement that the statement incriminated him. He claims this is unfair because "[t]here is no evidence in the record that Curtis Bell told the police his brother committed the offenses with him." But if Albert Bell thought that Curtis's statement would be interpreted by the jury incorrectly, he could have easily rebutted such a false inference by presenting the jury with Curtis's actual statement. Perhaps Bell's real objection is that the jury drew an accurate inference that Curtis incriminated him in his statement, and thus the mention of the existence of the statement constituted, in effect, a mention of the contents of the statement. If so, then Bell could have asked for a limiting instruction that the jury was not to take the existence of Curtis's statement as evidence against him. Either way, Bell loses. The Confrontation Clause claim is meritless; the self-incrimination privilege claim is nonsensical. Even if we were, for some novel and unspecified reason, to rule that the mere acknowledgement of Curtis's statement was error, it would be impossible for this court to find it to be anything other than harmless error, given the findings of the state court. Bell, 548 N.E.2d at 401-02. The mere mention of the fact that Curtis gave a statement did not deprive Bell of a fair trial.
 
 
 4
 Bell claims a due process violation occurred when the trial court refused to instruct the jury on self-defense and voluntary manslaughter, contrary to state law. However, the Illinois state courts disagree with Bell's assessment of Illinois state law. On the direct appeal, the state court found that the self-defense instruction did not have a basis in Illinois law because of the nature of the victim's wounds: he had been stabbed multiple times in the "chest, back and on the left side of the back". Bell, 548 N.E.2d at 402-03. Bell has not presented a real federal claim, but rather an unreviewable state claim masquerading in due process clothing. Estelle v. McGuire, 112 S.Ct. 475 (1991).
 
 
 5
 Bell brings two claims premised on the facts that, just before trial, he decided that he didn't like his appointed counsel, a public defender, and demanded a new one. His attorney requested leave to withdraw, which was denied. The attorney then proceeded to argue a motion that Bell prepared to quash the confession. Bell calls this a "conflict of interest" that merits a finding of ineffective assistance of counsel, especially because the attorney chose to call only one police officer witness; he also claims that this deprived him of the chance to fully litigate his Fourth Amendment rights. Again, however, Bell rests his argument on a mischaracterization of events. "[T]he denial of a motion to substitute alleging only 'ethereal distrust' of counsel is not reversible error." United States v. Horton, 845 F.2d 1414, 1418 (7th Cir.1988). See also Johnston v. Mizell, 912 F.2d 172, 174-75 (7th Cir.1990) (noting the paradox that if petitioner's argument were accepted, all attorneys would be guilty of ineffective assistance of counsel). Nor does it create a conflict of interest. A defendant cannot postpone his trial indefinitely by continuously announcing his dislike of his attorney on the eve of trial. Bell makes no showing of substandard assistance (as opposed to second-guessing of the strategic decision of counsel not to put multiple officers on the stand) nor does he make any showing of prejudice from the refusal to do so. He thus fails to meet both parts of the Strickland v. Washington test. 466 U.S. 668 (1984), and both claims fall.
 
 
 6
 Bell, on his direct appeal, wanted to raise an ineffective assistance of trial counsel claim and to challenge the trial court's finding that his confession was voluntary. His appellate counsel refused to do so, writing to him that the claim was meritless, and Bell argues that this also constitutes ineffective assistance of counsel. We have already rejected the ineffective assistance of trial counsel claim, so the failure to raise the losing claim certainly isn't ineffective assistance. Under Illinois state law, the appeals court was not going to overturn the finding of voluntariness of the confession unless it was against the manifest weight of the evidence, which it wasn't; the strategic decision of the appellate counsel to concentrate on Bell's somewhat stronger legal arguments cannot be faulted. Neither of the Strickland factors are met, and the claim fails.
 
 
 7
 Bell raises a claim that the district court erred in failing to appoint counsel and to hold an evidentiary hearing; he waited until his reply brief to do so, however, and the claim is waived.
 
 
 8
 The decision of the district court denying the petition for habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). The petitioner-appellant filed such a statement. After considering that statement, the court remains of the view that oral argument is unnecessary, so the appeal is submitted on the briefs and record